UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE RAYMOND BELL, JR.,

Plaintiff,

v.

CITY OF SOUTHFIELD, ET AL.,

Defendants.

Case No. 19-cv-13565

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [#7] AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#3]

### I. INTRODUCTION

On September 5, 2019, Plaintiff Gene Raymond Bell, Jr. ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 1983 against Defendant City of Southfield ("Defendant"), as well as three City of Southfield police officers in their individual capacities, in the Oakland County Circuit Court. On December 3, 2019, Defendant timely removed Plaintiff's action to this Court.[1] ECF No. 1. In his Complaint, Plaintiff brings forth several claims related to a traffic stop on or about June 23,

---

[1] The City of Southfield police officers in this action, Anthonie Korkis, Arthur Bridgeforth, and Thomas Langewicz II, were not served at the time of Defendant's removal, but did consent to the removal of this action. ECF No. 1, PageID.4.

2019, when the City of Southfield police officers allegedly used excessive physical force to remove him from his vehicle.  *See generally id.*

Presently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint, Order Directing the Clerk to Issue Summons, and an Order Allowing Plaintiff an Additional Forty-Five Days to Serve the Individual Defendants (hereinafter, "Motion for Leave to Amend Complaint"), which was filed on August 3, 2020.  ECF No. 7.  Defendant filed a Response on August 17, 2020.  ECF No. 9. Plaintiff filed his Reply on September 2, 2020.  ECF No. 13.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Plaintiff's Motion on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons set forth below, the Court will **GRANT IN PART** Plaintiff's Motion for Leave to Amend [#7], rendering Defendant's outstanding Motion for Judgment on the Pleadings [#3] **MOOT**.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's claims stem from a traffic stop in Southfield, Michigan on or about June 23, 2019.  ECF No. 7, PageID.62.  The three City of Southfield officers initiated this traffic stop after discovering that Plaintiff was driving a vehicle with an expired license plate.  *Id.* at PageID.62–63.  According to Plaintiff, the officers "forcefully removed [him] from his car and violently threw him to the ground" after he

"complied [with the officers' instructions] in a completely law-abiding manner[.]" *Id.* at PageID.63–64. Plaintiff avers that one of the officers, Anthonie Korkis, used degrading and racially charged language while threatening him to exit the vehicle. *Id.* at PageID.63. Once Plaintiff was removed from his vehicle, one of the officers tased him while he remained on the ground. *Id.* at PageID.64.

Defendant disputes many of Plaintiff's allegations in its Response brief. It alleges that Plaintiff resisted Officer Korkis' instructions for Plaintiff to provide his license, registration, and insurance. ECF No. 9, PageID.124. Moreover, Defendant emphasizes that Plaintiff "admitted that the officers gave him instructions on the scene and that he did not follow those instructions" during his plea hearing in the 46th District Court for the City of Southfield. *Id.* (quoting ECF No. 9-3, PageID.156–57).

On September 5, 2019, Plaintiff, through his former counsel, filed his Complaint in the Oakland County Circuit Court against Defendant and three City of Southfield police officers. ECF No. 1, PageID.7. The Complaint contains six counts, including excessive force (Count I); assault and battery (Count II); municipal liability, premised on Defendant's alleged failure to supervise, train, and discipline its police officers (Count III); false arrest (Count IV); malicious prosecution (Count V); and abuse of process (Count VI). On December 3, 2019, Defendant timely removed this matter to this Court. In its removal filing, Defendant indicated that the

individual police officers had not yet been served, but they each consented to the removal.  *Id.* at PageID.4.  The Court takes notice that Plaintiff attaches a copy of the summons, which was issued to the individual officers on December 5, 2019, to his present Motion.  *See* ECF No. 7-3.

On December 4, 2019, Defendant filed its Answer to Plaintiff's Complaint in this Court.  ECF No. 2.  Defendant subsequently filed a Motion for Judgment on the Pleadings on March 19, 2020.  ECF No. 3.  The Court issued a notice for this hearing on July 16, 2020.  ECF No. 4.  Approximately two weeks after this notice, Plaintiff's present counsel filed his appearance.  ECF No. 5.  Another attorney filed his appearance on Plaintiff's behalf three days later.  ECF No. 6.

Plaintiff now moves the Court for leave to file his proposed First Amended Complaint.  ECF No. 7, PageID.65.  In Plaintiff's proposed First Amended Complaint, Plaintiff seek to (1) eliminate his *Monell* claim against Defendant (Count III); and (2) eliminate all other counts except for the excessive force claim brought pursuant to 42 U.S.C. § 1983 (Count I).  *Id.*  Moreover, Plaintiff requests an order directing the Clerk to issue summons for the City of Southfield police officers and allowing Plaintiff forty-five days from the date of the Court's Order to serve these officers as defendants in the present action.

In its Response, Defendant characterizes Plaintiff's Motion as an attempt "to pursue a new cause of action against three individuals who have never been subject

to the jurisdiction of any court[.]"  ECF No. 9, PageID.120.  Defendant argues that

Plaintiff's Motion should be denied because his proposed amendment is futile.  *Id.*

at PageID.129.  Moreover, Defendant contends that summonses should not be issued

under Federal Rule of Civil Procedure 4(m) as to the City of Southfield police

officers.  *Id.* at PageID.139.

### III. LAW & ANALYSIS

#### A. Leave to Amend

##### 1.  Legal Standard

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  In

a case where a responsive pleading has been filed, a party may amend its pleading

only with the written consent of the opposing party or by leave of the court.  FED. R.

CIV. P. 15(a)(2). Defendants here do not concur in Plaintiff's Motion; it is thus within

this Court's discretion whether to grant Plaintiff's Motion for Leave to File an

Amended Complaint.  *See United States ex rel. Harper v. Muskingum Watershed*

*Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016)

("[D]istrict courts have discretion to permit or deny amendment after a defendant

files an answer to a plaintiff's complaint"); *see also Zenith Radio Corp. v. Hazeltine*

*Research, Inc.*, 401 U.S. 321, 330 (1971) (explaining that the decision as to whether

justice requires the amendment is committed to the district court's sound discretion).

Pursuant to Rule 15, "leave shall be freely given when justice so requires."  FED. R.

CIV. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Despite this liberal amendment policy, denial may be appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   A proposed amendment is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.  *See Peffer v. Thompson*, 754 F. App'x 316, 320 (6th Cir. 2018); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

## 2.  Analysis

Plaintiff's proposed First Amended Complaint would (1) eliminate his *Monell* claim against Defendant (Count III); and (2) eliminate his assault and battery, false arrest, malicious prosecution, and abuse of process counts against all Defendants. ECF No. 7, PageID.60.  The amendment thus results in an action exclusively against the individual City of Southfield police officers, Anthonie Korkis, Arthur Bridgeforth, and Thomas Langewicz, II, for one count of excessive force pursuant to 42 U.S.C. § 1983.  *See* ECF No. 7-4, PageID.93.  Defendant opposes Plaintiff's

-6-

Motion on the basis of futility.  ECF No. 9, PageID.129.  Specifically, Defendant asserts that Plaintiff's allegations "border on misrepresentation and the individuals would be entitled to qualified immunity under the indisputable evidence."  *Id.*

The futility standard requires this Court to consider whether Plaintiff's proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).  To reiterate, Plaintiff's amendment seeks to distill his case into one count of excessive force under 42 U.S.C. § 1983 against the City of Southfield police officers—*not* Defendant City of Southfield.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Claims regarding an officer's use of excessive force in the context of an arrest, as is the case here, are governed by the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also Malory v. Whiting*, 489 F. App'x 78, 82 (6th Cir. 2012) (citing *Drogosch v. Metcalf*, 557 F.3d 372, 278 (6th Cir. 2009)) ("The Fourth Amendment of the United States Constitution protects a person from being subject to excessive physical force during the course of an arrest ….").

The Court determines whether an officer has exerted excessive force in violation of the Fourth Amendment under an "objective reasonableness" standard.

*Graham*, 490 U.S. at 396–97.  This "reasonableness" inquiry is an objective one: the Court must determine whether an officer's actions are "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id.* at 397.  Stated differently, "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Id.* at 396.

The Sixth Circuit has explained that a court must balance "the nature and quality of the intrusion on [a plaintiff's] Fourth Amendment interests against the countervailing governmental interests at stake."  *Ciminillo v. Streicher*, 434 F.3d 461, 466–67 (6th Cir. 2006).  A district court considers three factors to guide in its analysis: (1) the severity of the crime, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to flee.  *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 396).  Moreover, a district court must take into account the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation."  *Kent v. Oakland Cnty.*, 810 F.3d 384, 390 (6th Cir. 2016).

Assuming the facts alleged in Plaintiff's Complaint are true, as the Court must do, the Court finds that Plaintiff has stated a legally sufficient claim for which relief can be granted.  Indeed, upon review of the factual information pleaded and the multiple claims removed from the original Complaint, "nothing strikes the Court as so obviously deficient about [the plaintiff's] . . . allegations that it would be an abuse of discretion to permit" the amendments at this time.  *White v. Emergency Medicine Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *6 (E.D. Mich. Aug. 28, 2013).  In his amendment, Plaintiff alleges that the individual police officers used "unnecessary, excessive, and brutal force," including the use of a disabling taser in its "drive-stun" mode, at the time of his arrest in violation of the Fourth and Fourteenth Amendments.   ECF No. 7-4, PageID.94; *see also* ECF No. 13, PageID.184.   Moreover, he avers that qualified immunity does not shield the officers' actions, as any reasonable person or police officer should have known that their actions were in violation of an individual's Fourth and Fourteenth Amendment rights.  ECF No. 7-4, PageID.94.

Defendant argues that Plaintiff's amendment is futile since his claim "would ultimately fail after the application of qualified immunity."  ECF No. 9, PageID.130 (citing *Hutsell v. Sayre*, 5 F.3d 996, 1006 (6th Cir. 1993), cert. denied, 510 U.S. 1119 (1994); *Thrower v. Kovein*, 991 F.2d 796 (6th Cir. 1993)).   Under the doctrine of qualified immunity, government officials, including police officers, will not be held

liable on a plaintiff's claim for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights which the reasonable officer in the defendant's position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Sixth Circuit has held that the right to be free from excessive force is a clearly established right for purposes of the qualified immunity analysis. *Martin v. Heideman*, 106 F.3d 1308, 1313 (6th Cir. 1997). To determine whether a police officer is entitled to qualified immunity, the Court applies a two-prong test: "(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand that what he is doing violates that right.'" *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015) (citation omitted). "This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009) (citation omitted).

While the Court recognizes an amendment could be found to be futile based on the doctrine of qualified immunity, *see supra*, it finds Defendant's argument is improper at this juncture. As Plaintiff emphasizes in his Reply, he seeks to dismiss the present and only Defendant, the City of Southfield, with prejudice. The proposed amendment, therefore, eliminates all claims against Defendant. The Court thus

construes Defendant's argument on the doctrine of qualified immunity as an attempt to argue on behalf of individuals it does not presently represent.   In short, Defendant's argument for the application of qualified immunity is not an argument it can make.  The Court would have reached the merits of this argument, and perhaps would have reached a conclusion not in favor of Plaintiff, should the City of Southfield police officers, in their individual capacities and as proper defendants, raised this defense in the present proceedings.  As explained more thoroughly in the next section, however, these officers are not yet properly before the Court.

Accordingly, the Court finds that Plaintiff's amendment is not futile.  The Court will thus grant in part Plaintiff's Motion on this issue.  The only remaining claim in the present matter, then, is a count of excessive force claim under 42 U.S.C. § 1983 against City of Southfield police officers Anthonie Korkis, Arthur Bridgeforth, and Thomas Langewicz II, jointly and severally and in their individual capacities.[2]

## B. Reissuance of Summons

### 1. Legal Standard

Federal Rule of Civil Procedure 4 governs the issuance of summonses in this Court.   Specifically, subsection (c)(1) requires service of both a copy of the

---

[2] In light of this finding, Defendant's pending Motion for Judgment on the Pleadings (ECF No. 3) is moot.

complaint and the summons, and subsection (m) requires service within 90 days after the complaint is filed.  Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Where the plaintiff shows good cause for his or her failure to timely serve, the Court is to extend the service time for an appropriate period.  *Id.*

It is the plaintiff's burden to show that good cause exists.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).  While a defendant's intentional evasion of service of process provides good cause, a plaintiff's "inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."  *Id.*  "Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause."  *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) (citation omitted).

## 2. Analysis

In his Motion, Plaintiff also moves for an extension of time to serve the City of Southfield police officers.  ECF No. 7, PageID.67.  As explained above, this matter was initially filed in the Oakland County Circuit Court on September 5, 2019.  According to Plaintiff, summonses were issued for all Defendants, including the individual officers, on September 6, 2019.  *Id.*  Plaintiff's former counsel served a

copy of the Complaint on Defendant City of Southfield on November 22, 2019.  *See*

ECF No. 1, PageID.4.  Defendant then timely removed this matter to this Court,

indicating that the other defendants had not yet been served, but that they consented

to the removal.  *Id.*  Plaintiff explains that two days after removal, the summons

issued for the remaining individual defendants by the Oakland County Circuit Court.

ECF No. 7, PageID.68.

To reiterate, Rule 4(m) provides the Court, even in the absence of a plaintiff's

demonstration of "good cause," discretion to either dismiss the claims against

defendant(s) without prejudice or order that service be made upon defendant(s)

within a specific time.  While Plaintiff does not show "good cause" for failing to

properly serve the individual Defendants after removal in this matter, ECF No. 13,

PageID.186, and the Court is not required to extend the time for service, the Court

may still utilize its discretion to grant Plaintiff additional time to complete proper

service.  In making that determination, the Court considers whether:

> (1) a significant extension of time was required; (2) an extension of time
> would prejudice the defendant other than the inherent "prejudice" in
> having to defend the suit; (3) the defendant had actual notice of the
> lawsuit; (4) a dismissal without prejudice would substantially prejudice
> the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff
> had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Moreover, the Court is guided by Federal Rule of Civil Procedure 1, which provides

that it (and, after the recent amendments, the parties) should construe, administer,

and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

The Court finds, in balancing the aforementioned factors, that it is appropriate to exercise its discretion.  While Plaintiff argues the first factor weighs in his favor, based on the sole reason that he is "only requesting an additional forty-five days to serve the Defendants," ECF No. 7, PageID.69, the Court does not agree.  The Court instead finds that a significant amount of time has lapsed.  Indeed, over 200 days have passed since Plaintiff's last filing on November 25, 2019.  ECF No. 9-2, PageID.147.  Other courts in this District have concluded similar lapses of time are significant and thus do not weigh in a plaintiff's favor.  *See Slenzka*, 204 F.R.D. at 326 (finding 120 days to be significant); *Estate of Majors v. Gerlach*, No. 16-cv-13672, 2018 WL 4111909, at *2 (E.D. Mich. Aug. 29, 2018) (concluding that 462 days was significant).

Nevertheless, the Court concludes that the remaining factors, as well as Rule 1's considerations, mitigate in favor of granting Plaintiff a brief extension of time to properly serve the remaining individual Defendants, the City of Southfield police officers.  The Court finds that neither Defendant nor the officers would be prejudiced by a brief extension of time to effect service.  Specifically, Defendant City of Southfield would not sustain prejudice in light of Plaintiff's request to dismiss it as a defendant from his case *with* prejudice.  *See* ECF No. 13, PageID.184.  Such a

dismissal with prejudice prevents Defendant City of Southfield from facing the prospect of a second lawsuit.[3]  The Court also finds that the individual officers would also not sustain prejudice because they have had notice of Plaintiff's Complaint since December 2019.  *See* ECF No. 1, PageID.4; *see also Childs v. Guardian Alarm & Nemer Grp. Gulleria Officentre*, No. 16-cv-14167, 2017 U.S. Dist. LEXIS 44882, at *8–9 (E.D. Mich. Mar. 28, 2017) (concluding that defendants would not be prejudiced in light of their knowledge of the lawsuit since December 2016).

The Court takes notice of Plaintiff's concession that he would not be prejudiced by a dismissal without prejudice.  ECF No. 7, PageID.70.  While Plaintiff should have taken greater care to properly serve all Defendants in the instant matter,

---

[3] The Court takes notice of Defendant's argument that the factors set forth in *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994) should be considered in analyzing its alleged prejudice.  ECF No. 9, PageID.141–43.  Defendant asserts that Plaintiff's present Motion effectively asks for a "voluntary dismissal" under Federal Rule of Civil Procedure 41(a)(2) which "is not proper."  *Id.* at PageID.141.  The Court finds Defendant's argument unavailing.  As another district court in the Sixth Circuit recently explained, "[i]t is unclear [] if [the *Grover* factors] are fully applicable to the case at hand."  *Crenshaw v. Portfolio Recovery Associates, LLC*, 433 F. Supp. 3d 1057, 1061 (W.D. Ky. 2020).  In *Crenshaw*, the court emphasized that the plaintiff wished to dismiss all of her claims against defendants "*with prejudice*."  *Id.* (emphasis in original).  The court thus questioned what "legal prejudice" defendants could suffer from an outcome.  *Id.*  This Court finds this analysis applicable to the instant matter, where Plaintiff has denoted in his Reply brief that he wishes to dismiss Defendant City of Southfield *with* prejudice.  ECF No. 13, PageID.184.  The Court thus concludes that Defendant City of Southfield faces no prospect of a second lawsuit.  Indeed, "[d]ismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them."  *Id.* at 1062 (citation, alterations, and quotation marks omitted).

the Court find that his conduct is "not so egregious as to cause the Court not to exercise its discretion to afford him an opportunity to correct the deficiency." *Childs*, 2017 U.S. Dist. LEXIS 44882, at *9.  Indeed, the Court emphasizes that Plaintiff retained new counsel on July 31, 2020 and that Plaintiff's "effort(s) to serve the individual [officers] is unknown[.]"  ECF No. 7, PageID.70.  The Court declines to impute Plaintiff's former counsel's inaction to Plaintiff and his present counsel at this time.  Moreover, the Court, in considering the efficiency objective of Federal Rule of Civil Procedure 1, denotes that should the instant matter be dismissed and refiled, the new case would be assigned as a companion case to this Court's docket pursuant to Local Rule 83.11(b)(7).  The Court thus questions the efficiency of adopting Defendant's arguments and dismissing Plaintiff's case at this juncture.

In sum, after balancing all considerations, the Court concludes that the most effective course is to permit Plaintiff a brief opportunity—thirty (30) days from the date of this Order—to properly serve the remaining individual Defendants, the City of Southfield police officers.

## IV. CONCLUSION

For the reasons articulated above, Plaintiff's Motion for Leave to Amend [#7] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant City of Southfield is **DISMISSED WITH PREJUDICE** from this matter.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to properly serve Defendants.  Plaintiff shall:

(1) ensure that he has named the correct Defendants;

(2) identify the individual authorized to accept service on behalf of the correct Defendants;

(3) indicate on the Summons the name of the individual authorized to accept service;

(4) ensure the Summons is addressed to the correct Defendants;

(5) deliver the Summons and a copy of the Complaint to the individuals authorized to accept service; and

(6) file a certificate of service with the Court.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, this failure would be grounds for dismissing his claims against Defendants without prejudice.

**IT IS FURTHER ORDERED** that Defendant City of Southfield's Motion for Judgment on the Pleadings [#3] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  November 3, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 3, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager