## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GENE RAYMOND BELL,

    *Plaintiff*,

v.

OFFICER ANTHONIE KORKIS,
OFFICER ARTHUR BRIDGEFORTH, and
OFFICER THOMAS LANGEWICZ, II,
Jointly and severally and in their
Individual capacities,

    *Defendants*.

_____/

Case No. 2:19-cv-13565

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## OPINION AND ORDER DENYING DEFENDANTS'
## MOTION FOR RECONSIDERATION [#84]

On October 26, 2023, Defendants filed a motion seeking reconsideration of this Court's October 12, 2023 Order denying Defendants' Motion to Dismiss and Other Sanctions. ECF No. 84. According to Defendants, the Court erred by (1) ruling that Plaintiff had not waived his right to object to Defendants' discovery requests, (2) failing to analyze whether Defendants' discovery requests were proportional to the needs of the case based on Plaintiff's requested damages, (3) barring Defendants from critical discovery, and (4) concluding that Plaintiff's behavior does not warrant dismissal. *Id.*

1

Having considered Defendants' Motion, the Court does not require oral argument and does not require Plaintiff to file a response. *See* E.D. Mich. L.R. 7.1(h)(3). For the reasons stated herein, the Court will deny Defendants' Motion.

## I. LEGAL STANDARD

To prevail on a motion for reconsideration of a non-final order under Eastern District of Michigan Local Rule 7.1(h), a movant must show that:

(A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) an intervening change in controlling law warrants a different outcome; or

(C) new facts warrant a different outcome, and the new facts could not have been discovered with reasonable diligence before the prior decision.

A motion for reconsideration may not rest on the same arguments and issues previously ruled upon by the court, and it may not raise anew legal arguments that could have been presented in the initial motion. *See Joseph v. Sec'y of the VA*, No. 19-cv-10828, 2022 U.S. Dist. LEXIS 79118, at *5 (E.D. Mich. May 2, 2022). Further, a motion for reconsideration is inappropriate where the moving party "merely disagrees with the court's holding." *Bowles v. Macomb Cmty. Coll.*, No. 20-13175, 2022 U.S. Dist. LEXIS 84288, at *6 (E.D. Mich. May 10, 2022).

## II. DISCUSSION

A. **THE COURT DID NOT ERR IN SUSTAINING PLAINTIFF'S RIGHT TO OBJECT.**

Defendants contend that the Court committed two errors when ruling that Plaintiff did not waive his right to object to Defendants' discovery requests. According to Defendants, the Court "errantly reasoned that 1) the waiver doctrine is not automatic, and 2) that Defendants stipulated to extending the original deadline to respond and did not raise such an argument in their first motion to compel." ECF No. 84, PageID.1013. Yet, Defendants have failed to show that either ruling is legally or factually incorrect.

First, the Court correctly found that the waiver provisions stated in Federal Rules of Civil Procedure 33 and 34 are not applied automatically by courts in this Circuit. In so ruling, the Court directed the parties to *Baker v. City of Trenton*, wherein this Court found that courts in this Circuit have steered away from treating the 30-day discovery response deadline as requiring waiver. No. 16-12280, 2018 U.S. Dist. LEXIS 229445, at *8 (E.D. Mich. May 31, 2018) (Davis, J.). ECF No. 79, PageID.980. Finding that the 30-day waiver provisions are "not a bright-line rule," the *Baker* court explained that district courts "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests to determine whether enforcement of the waiver is equitable." *Id.* (quoting *Palombaro v. Emery Fed. Credit Union*, No.

3

1:15-cv-792, 2017 U.S. Dist. LEXIS 6365, at *10 (S.D. Ohio Jan. 17, 2017)). The Court made no error in relying on this analysis.

In laconically stating that the Court "is incorrect," Defendants do not cite a single case challenging the analysis in *Baker* or any of the several decisions it relies on. ECF No. 84, PageID.1013. Rather, Defendants circularly refer this Court back to the text of Rule 33, arguing that the Court's analysis is not reflected in the Rule's "good cause" standard. *Id.* Defendants cite no authority to support the alleged conflict of reasoning. In short, Defendants make no challenge to the relevant law on this question or the crux of this Court's ruling, which both consider how Rules 33 and 34 are applied with discretion to reach equitable outcomes. Defendants have thus failed to show error in this Court's application of the law.

Second, there was no error in the Court's recount of the record. Defendants state that they "did not stipulate to extend Plaintiff's original time to respond." ECF No. 84, PageID.1014. Rather, Defendants argue that they "filed a motion compelling a response, as the Court acknowledged. Said motion did not raise the issue of objections because no responses had been received, thus, the propriety of any objections was not at issue." *Id.* Despite Defendants' attempt to obscure the timeline in this case, their argument is a non-starter.

Defendants filed their Motion to Compel Discovery on November 14, 2022, seven days after Plaintiff's responses and objections to discovery were due. ECF No.

4

43. The Rules require both responses *and* objections to be served within 30 days of the requests. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A), (C). Thus, when Plaintiff had not served discovery responses or objections by November 7, 2022, the waiver question became relevant, and "the propriety of any objections" was at issue. Thus, Defendants' argument that they did not raise the waiver question "because no responses had been received" makes no sense. ECF No. 84, 1014. The fact that no responses had been received is the very reason why the waiver argument should have been raised.

Further, Magistrate Judge Stafford granted Defendants' Motion to Compel on December 5, 2022 and gave Plaintiff until January 5, 2023 to respond to Defendants' requests. ECF No. 46, PageID.434. Once Plaintiff missed this deadline, his right to object to discovery should have again been at issue for Defendants. Yet Defendants still did not raise the waiver argument despite appearing before the Court on January 6, 2023, January 25, 2023, February 6, 2023, and March 6, 2023 when Plaintiff appeared with new representation. Even if Defendants failed to raise the issue at each of these appearances because counsel was asked to wait to file motions until Plaintiff obtained new counsel (ECF No. 84, PageID.1014), Defendants were not impeded from raising their waiver argument before the Court or with Plaintiff's counsel between March 6, 2023 and March 21, 2023—after Plaintiff obtained new counsel but before the parties entered the Stipulated Order to Extend Scheduling Order

5

Dates. ECF No. 53. Yet Defendants still failed to do so. The Court is thus unpersuaded by Defendants' argument that, by stipulating to extend the discovery deadlines, they did not intend to extend the right to object. The parties entered the Stipulated Order with Plaintiff's right to object undisturbed, and no contrary impression was ever made to Plaintiff or this Court.

For these reasons, Defendants have failed to demonstrate a mistake by the Court warranting reconsideration.

### B. THE COURT DID NOT ERR IN LIMITING CRIMINAL RECORDS DISCOVERY.

Defendants next argue that the Court failed to analyze "whether Defendants' proposed discovery requests regarding Plaintiff's criminal background were 'proportional to the needs of the case' *based on Plaintiff's asserted damages*." ECF No. 84, PageID.1015. The Court strains to entertain this argument, as it is blatantly untrue. Defendants, in fact, quote the Court's finding that Plaintiff's allegations of excessive force "do not put Plaintiff's own criminal history at issue, and **his criminal history does not become relevant simply because he seeks emotional distress damages**." ECF No. 84, PageID.1016. This is the damages analysis to which Defendants were entitled given the facts of this case. To reiterate, a protracted discussion on the permissible scope of criminal background discovery, in light of a plaintiff's asserted damages, is not warranted where the allegations do not put the plaintiff's criminal background at issue. *But c.f. White v. City of Grand Rapids*, No.

1:19-cv-877, 2020 U.S. Dist. LEXIS 270197, at *3 (W.D. Mich. Oct. 1, 2020) (finding that the plaintiff's criminal history *was* at issue where he alleged that the claimed incident caused his parole to be revoked).

To be sure, the Court considered damages with respect to all of Defendants' discovery requests. The Court further ruled that "Defendants' medical record interrogatories and requests for production were overbroad in time and scope" because, among other reasons, "**Plaintiff makes clear that he only seeks damages for the 'treatment he received for his injuries through the June 23, 2019 emergency room visit** to Ascension Providence in Southfield.'" ECF No. 79, PageID.987. The Court then ruled that "Defendants are not entitled to 15 years of mental health records **where Plaintiff is seeking 'garden variety' emotional distress damages.**" *Id.* In short, the Court reached its rulings upon consideration of Plaintiff's asserted damages with respect to each category of discovery requests.

As Defendants again fail to cite any authority for its proposition, the Court recognizes that Defendants merely disagree with the Court's ruling, an improper basis for a motion for reconsideration. *See Bowles v. Macomb Cmty. Coll.*, 2022 U.S. Dist. LEXIS 84288, at *6. This is evident through Defendants' previously-rejected arguments about Plaintiff's "self-imposed limitations on his damages" and Defendants' six-part analysis of the proportionality consideration, which is largely regurgitated from their original motion to dismiss. *See* ECF No. 84, PageID.1015–

7

1016; ECF No. 55, PageID.476–478. The Court is not required to and will not readjudicate these issues. *Yatooma v. Birch Run Twp.*, 624 F. Supp. 3d 820, 823 (E.D. Mich. 2022) (A movant's arguments "[did] not warrant reconsideration because th[e] Court already considered and rejected them.").

For these reasons, Defendants have failed to demonstrate a mistake by the Court warranting reconsideration.

### C. THE COURT DID NOT ERR IN LIMITING MEDICAL RECORDS DISCOVERY.

Defendants also believe that reconsideration of the Court's medical records ruling is warranted because of (1) new evidence and (2) the Court's assertedly flawed proportionality assessment. ECF No. 84, PageID.1018–1021. Both arguments fail.

First, the evidence Defendants highlight is not "new" at all. For evidence to be considered new, it "must have been previously unavailable, or in other words, the evidence must not exist prior to the district court's order." *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 U.S. Dist. LEXIS 79361, at *7 (E.D. Tenn. May 24, 2017) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)) (cleaned up). However, two of the three pieces of asserted evidence were brought to the Court's attention in Defendants' Motion to Dismiss. ECF No. 55, PageID.479 (Defendants highlighted that Plaintiff sustained years-old injuries from his football career and that he potentially suffered trauma as a victim of Dr. Robert

Anderson). The Court does not understand why Defendants present this evidence as new here.

The other "new evidence"—that Defendant "has significant memory issues"—is not evidence at all. ECF No. 84, PageID.1019. Rather, this amounts to little more than Defendants' characterization of Plaintiff's recollection of the traffic stop, which they assert "varies wildly from the video footage." *Id.* Defendants' perspective on Plaintiff's recollection of events is argument. And this argument is not evidence that Plaintiff in fact has "significant memory issues," nor does it constitute new evidence for purposes of reconsideration.

Defendants' remaining argument is that the Court improperly excluded Plaintiff's asserted damages from its proportionality assessment when limiting discovery of Plaintiff's medical history. ECF No. 84, PageID.1020. This contention, again based on previously rejected arguments and no authority, was sufficiently addressed above in Section B and is also simply untrue. *See* ECF No. 79, PageID.986–988. As the Court stated in its original Order, Plaintiff has not opened the door for broad and intrusive discovery into his mental health records by seeking garden variety mental distress damages. Defendants' indiscreet attempt to relitigate this point with repurposed arguments and evidence does not upset the Court's conclusion.

9

For these reasons, Defendants have failed to demonstrate a mistake by the Court or new evidence warranting reconsideration.

### D. THE COURT DID NOT ERR IN DENYING DISMISSAL.

Defendants last contend that "should the Court agree with Defendant[s] as to the above errors . . . the Court should also agree that it was error not to dismiss this case." ECF No. 84, PageID.1021. Because the Court does not find that Defendants have identified errors warranting reconsideration, it does not find error in denying Defendants' Motion.

### III. CONCLUSION

For these reasons, Defendants' Motion for Reconsideration [#84] is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 6, 2023                    /s/ Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 6, 2023, by electronic and/or ordinary mail.
/s/Teresa McGovern
Case Manager

10