UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE RAYMOND BELL, JR.,

          Plaintiff,

                                     Case No.: 19-cv-13565

v.                                 Hon. Gershwin A. Drain

ANTHONIE KORKIS *et al.*,

          Defendants.
      _____/

**<u>ORDER OVERRULING DEFENDANTS' OBJECTION TO THE FEDERAL PRO SE LEGAL ASSISTANCE CLINIC'S LIMITED APPEARANCE ON BEHALF OF PLAINTIFF [ECF No. 155]</u>**

On March 8, 2023, the Federal Pro Se Legal Assistance Clinic (the "Clinic)

filed a limited appearance in this case through its Director, Barbara Patek. ECF No.

52, PageID.448. The Clinic amended its limited appearance on June 14, 2023,

August 16, 2023, and October 11, 2023, each time adjusting its appearance for new

purposes in the action. ECF No. 57; ECF No. 64; ECF No. 78.

In October 2024, Attorney Leonard Mungo commenced representation of

Plaintiff as the lead attorney on his case. ECF No. 101. The Court held a status

conference on December 5, 2024, and at that status conference Ms. Patek indicated

that the Clinic would like to continue its limited representation of Plaintiff through

trial in a supportive capacity to Mr. Mungo, noting that it has a "very good client

1

relationship" with Plaintiff and that this is a rare learning opportunity for the law students who staff the Clinic. ECF No. 106, PageID.1260–61. The Court responded "Okay." *Id.* at PageID.1261. Defendants did not contemporaneously object. The Clinic amended its appearance a fourth time on March 6, 2025, to include its supportive role at trial. ECF No. 126.

On April 1, 2025, a week before trial in this matter is set to start, Defendants filed an objection to the limited appearance of the Clinic. ECF No. 155. Defendants assert that the Clinic's role in this case has "exceed[ed] the intention" of limited representation under Local Rule 83.25(c)(1) because the Clinic has continuously expanded its role in the case through multiple amended limited appearances. *Id.* at PageID.2323.

Plaintiff responded, arguing that the Court should consider this objection waived given Defendants' failure to raise it sooner. ECF No. 171, PageID.2511. Plaintiff also notes that Defendants cited no authority supporting their attempt to deprive him of the Clinic's assistance at trial, nor did they address Local Rule 83.25(c)(1)'s "reasonableness" standard when crafting their argument. *Id.* at PageID.2509. The Clinic contends that its continued representation of Bell is reasonable, considering its involvement in the case since 2023. *Id.* at PageID.2510–11.

Local Rule 83.25(c)(1) states that after obtaining leave of court, an attorney may appear on behalf of an unrepresented party in a civil action for limited purposes if: (A) the attorney e-files a notice of limited appearance; (B) the notice of limited appearance specifically identifies the components of the action in which the attorney will appear; and (C) the limited representation is reasonable under the circumstances. E.D. Mich. L.R. 83.25(c)(1). Although Plaintiff is now represented by Mr. Mungo, the Court finds that the Clinic's continued supportive role in the case is reasonable. Mr. Mungo commenced representation in this case only six months ago, while the Clinic has had a continuing role in the case since 2023. The Clinic's background support of Mr. Mungo and Plaintiff at trial makes sense under these circumstances.

Furthermore, in reaching the conclusion that the Clinic should be permitted to represent Plaintiff in a supportive capacity, the Court finds that Defendants' delay in raising this issue would unfairly prejudice Plaintiff's case if the Court were to bar the Clinic from its supportive role. Defendants waited until a week before trial to raise their objection to the Clinic's appearance when (1) the Clinic filed its amended appearance a month prior, and (2) Defendants were on notice of the Clinic's intent to continue representation in a supportive capacity since the status conference in December 2024. *See Asherk v. Unarco Material Handling, Inc.*, No. 06-548-ART, 2008 WL 11344690, at *3 n.1 (E.D. Ky. Nov. 25, 2008) (in the attorney

disqualification context, stating that such a remedy is inappropriate "particularly where, as here, the motion is filed with significant delay and on the eve of trial.").

Therefore, the Court OVERRULES Defendants' Objection to the Fourth Amended Limited Appearance of the Federal Pro Se Legal Assistance Clinic [ECF No. 155]. The Federal Pro Se Legal Assistance Clinic may represent Plaintiff in a limited capacity at trial, consistent with its March 6, 2025 limited appearance.

**SO ORDERED.**

Dated:  April 7, 2025                                    /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 7, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

4